IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLES McCULLOUGH, ) | |
| ) | |
| Plaintiff, ) | CIV-07-1032-D |
| v. ) | |
| ) | |
| HACKNEY LADISH, INC., a foreign ) | |
| corporation, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is the Defendant's Motion to Dismiss the Complaint [Doc. No. 8]. Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant argues that the Complaint must be dismissed because it fails to state a claim upon which relief may be granted. Plaintiff has responded, and he has filed a separate motion seeking leave to file an Amended Complaint [Doc. No. 15]. Both motions are addressed herein.

Plaintiff seeks recovery of damages for injuries he sustained while operating machinery during the performance of his job duties. He alleges that Defendant, his employer, directed him to operate machinery with the knowledge that an injury was substantially certain to occur. Defendant argues that dismissal is mandated because the Oklahoma Workers' Compensation Act provides the exclusive remedy for Plaintiff's claim. *See* Okla. Stat.Ann. tit. 85, § 12 (2005). Thus, Defendant argues that Plaintiff cannot state a claim for relief based on an injury occurring during the performance of his job responsibilities. Defendant acknowledges that the Act's exclusivity provision does not apply, however, where the injury at issue results from the employer's intentional tort. *Parret v. Unicco Service Co.*, 127 P. 3d 572 (Okla. 2005); *Davis v. CMS Continental Natural Gas, Inc.,* 23 P.3d 288 (Okla. 2001). However, Defendant contends that Plaintiff's allegations in

this case are insufficient to state a claim for relief based on an intentional tort.

Where a motion to dismiss for failure to state a claim is presented, a court must construe the allegations in the complaint in the light most favorable to the plaintiff. *Buckley Construction, Inc. v. Shawnee Civil and Cultural Development Authority*, 933 F.2d 853 (10th Cir. 1991). All well-pleaded allegations in the complaint must be taken as true. *Id.* at 855.

The standard for evaluating a Rule 12(b)(6) motion has recently changed. Previously, courts applied the rule that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1246 (10th Cir. 2008), *citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). However, in *Bell Atlantic Corp. v. Twombly*, ___ U. S. ___, 127 S.Ct. 1955 (2007), the Supreme Court rejected the view that dismissal requires a finding beyond doubt that the plaintiff can prove no set of facts warranting relief. Instead, to avoid dismissal pursuant to Rule 12(b)(6), a complaint must contain sufficient factual allegations "to state a claim to relief that is plausible on its face." 127 S.Ct. at 1974. The Tenth Circuit now applies that rule. *Robbins,* 519 F.3d 1242 at 1247; *see also VanZandt v. Oklahoma Dept. of Human Services*, 2008 WL 1945344, at *3 (10th Cir. May 5, 2008).

To state a plausible claim, "the Plaintiff has the burden to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *VanZandt*, 2008 WL 1945344, at *3, *quoting Robbins*, 519 F.3d at 1247. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 127 S.Ct. at 1965. Thus, plaintiffs must "do more than generally allege a wide swath of conduct." *VanZandt*, 2008 WL 1945344, at *3, *citing Robbins,* 519 F.3d at 1247. Instead, they must allege sufficient facts to "nudge[ ] their claims

across the line from conceivable to plausible." *Robbins*, 519 F.3d at 1247, *quoting Twombly*, 127 S.Ct. at 1974.

Applying the rule in *Twombly* to the Complaint in this case, the Court must determine whether Plaintiff has alleged sufficient facts to show that his claim can plausibly fall within the recognized intentional tort exception to the Workers' Compensation Act exclusivity provision. The Oklahoma Supreme Court's decision in *Parret*, discussed by the parties in their briefs, explains the scope of the exception.

In *Parret*, the Court answered questions certified to it by the Honorable Joe Heaton including, *inter alia,* the scope of the intentional tort exception recognized in *Davis* and other Oklahoma decisions. Specifically, the Court was asked whether the intentional tort exception requires proof of deliberate specific intent to cause injury or whether the "substantial certainty" test, applied in other jurisdictions, can also support a claim. 127 P. 3d at 573. In answering the certified questions, the Court adopted the substantial certainty test, holding that the intentional tort exception applies where a plaintiff shows that the employer either "(1) desired to bring about the worker's injury or (2) acted with the knowledge that such injury was substantially certain to result from the employer's conduct." *Parret*, 127 P. 3d at 579 (emphasis added).

In this case, Plaintiff does not claim that Defendant intentionally sought to injure him. Instead, he contends that Defendant required him to engage in conduct which it knew was substantially certain to result in injury. He argues that his allegations are sufficient to state a claim for relief based on the substantial certainty test.

Plaintiff alleges that, at the time of his injury, he was "operating a vertical mill at the direction of Defendant Hackney Ladish." Complaint, ¶ 6. He further alleges:

> During Plaintiff's operation of the mill, he was exposed to working components of the mill that were unguarded and presented a significant risk of injury to users of the mill. Plaintiff sustained severe and permanent injuries when he became entangled in the exposed components of the mill. Defendant Hackney Ladish had knowledge that the conditions under which it required Plaintiff to work were such that injury was substantially certain to occur.

*Id.,* at ¶ 7.

*Parret* did not analyze the sufficiency of a complaint challenged by a motion to dismiss; nor did it delineate the allegations required to state a claim for relief based on the substantial certainty test[1]. However, the Court generally discussed the allegations and the proof required to satisfy that test, and its discussion is helpful in evaluating the sufficiency of Plaintiff's Complaint.

According to *Parret*, the injured employee "must allege facts which 'plausibly demonstrate' that the employer's conduct was intentional under the 'substantial certainty' standard." 127 P.3d at 579, *quoting Harn v. Continental Lumber Co.*, 506 N.W. 2d 91, 95 (S.D. 1993). It is not sufficient to show mere knowledge and appreciation of a risk, "short of substantial certainty;" instead, a plaintiff must establish the employer's knowledge that injury was substantially certain to result from the action it required the worker to perform:

> [T]he employer must have intended the act that caused the injury with knowledge that the injury was substantially certain to follow. The issue is not merely whether injury was substantially certain to occur, but whether the employer knew it was substantially certain to occur. The employer's subjective appreciation of the substantial certainty of injury must be demonstrated.

---

[1] *The allegations required to state a claim based on the substantial certainty test were not discussed in Judge Heaton's subsequent decision; instead, he applied Parret to a motion for summary judgment. See Parret v. Unicco Service Co., 2006 WL 752877 (W.D. Okla. Mar. 21, 2006). In Parret, the plaintiff argued that her decedent husband's employer required him to perform work that the employer knew was substantially certain to result in injury; the decedent was electrocuted when performing work on an emergency lighting system. The employer allegedly knew its employees did not know how to disconnect the power to the lights, and an employee had been seriously burned while working on a similar system. Acknowledging that the Parret substantial certainty test created a "high standard" which will "rarely be met," the Court nevertheless concluded that there was sufficient evidence to create a factual dispute precluding summary judgment for the employer on that issue. 2006 WL 752877, at \*4.*

4

*Parret*, 127 P.3d at 579.  Direct evidence of the employer's intent is not required.  *Id.  (* "In most cases, however, it will be necessary to demonstrate the employer's subjective realization by circumstantial evidence.  Thus, an employer's knowledge may be inferred from the employer's conduct and all the surrounding circumstances." )

Having reviewed Plaintiff's allegations in light of *Parret*, the Court finds that the allegations are sufficient to withstand a motion to dismiss.  Plaintiff's allegations are not speculative or limited to the "wide swath of conduct" found insufficient in *Robbins* and *VanZandt, supra.*  Based on the proof requirements discussed in *Parret*, the Court concludes that the allegations establish a plausible basis for concluding that Plaintiff may arguably establish that the substantial certainty exception applies in this case.  Although the exception recognized by *Parret* is narrow and the Plaintiff's burden of proof is significant, whether the evidence will support Plaintiff's allegations is not the issue raised by a motion to dismiss.  The Court cannot conclude at this stage of the litigation that Plaintiff's ability to satisfy his burden is implausible.  Accordingly, the Motion to Dismiss [Doc. No. 12] is DENIED.

Even if the Court found the Complaint deficient, however, it has the discretion to allow an amended complaint to cure the deficiencies, but is not required to do so if the circumstances and the governing law render an amendment futile.  *Bauchman v. West High School*, 132 F.3d 542, 559 (10th Cir. 1997), *citing Hom v. Squire*, 81 F.3d 969, 973 (10th Cir.1996).  Plaintiff has, in fact, filed a motion [Doc. No. 15] to amend the Complaint, and attaches the proposed Amended Complaint as an exhibit to his motion.  Defendant argues that leave to amend should be denied as futile because the proposed Amended Complaint does not state a claim for relief.

The proposed Amended Complaint provides more detailed allegations of the factual basis

for Plaintiff's claim against Defendant.  The proposed revised allegations include the following:

> During Plaintiff's operation of the mill, he was exposed to working components of the mill that were unguarded, such that users of the mill who came into contact with the exposed components were substantially certain to suffer injuries.  Defendant Hackney Ladish required that Plaintiff place himself in a position during operation of the mill that exposed him to the unguarded components of the machine.  By requiring that Plaintiff place himself in a position that exposed him to the unguarded components of the mill, Defendant Hackney Ladish intended the actions which it knew were substantially certain to result in injury to Plaintiff.  Defendant Hackney Ladish knew that the conditions under which it required Plaintiff to work were such that injury was substantially certain to occur.  Plaintiff sustained severe and permanent injuries when he became entangled in the exposed components of the mill.

Proposed Amended Complaint, Exhibit 1 to Plaintiff's Motion to Amend, ¶ 7.  Plaintiff also proposes additional allegations in a section of the Amended Complaint entitled "Intentional Conduct Substantially Certain to Cause Injury:"

> The vertical mill which caused Plaintiff's injuries was owned by Defendant Hackney Ladish.  Defendant Hackney Ladish knew that the condition of the vertical mill was substantially certain to result in injury to its users, but failed to inspect, monitor, supervise or take appropriate action to prevent or reduce the risk of injury presented by the vertical mill.  Defendant Hackney Ladish required that Plaintiff place himself in a position during operation of the mill that exposed him to the unguarded components of the machine.  Defendant Hackney Ladish knew that its actions were substantially certain to result in injury to Plaintiff.

Proposed Amended Complaint, ¶ 9.

The Federal Rules of Civil Procedure provide that leave to amend the pleadings should be freely given when justice requires. Fed.R.Civ.P. 15(a).  Accordingly, a court must justify its denial of a motion to amend with reasons, including the futility of amendment or undue delay. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Hom v. Squire*, 81 F.3d 969, 973 (10th Cir.1996).  A court may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary

judgment. *Bauchman,* 132 F.3d at 562, *citing AM Int'l, Inc. v. Graphic Management Assocs., Inc.*, 44 F.3d 572, 578 (7th Cir.1995) and *Wilson v. American Trans Air, Inc.,* 874 F.2d 386, 392 (7th Cir.1989).

In this case, the Court finds that the new factual allegations in the proposed Amended Complaint provide additional specificity to support Plaintiff's claim and the underlying factual basis for his contention that Defendant knew its conduct in requiring Plaintiff to operate the machinery in a certain fashion was substantially certain to result in injury. Although the cause of action on which Plaintiff relies is a narrow one, the Court cannot conclude at this stage of the litigation that his proposed amendment is futile. Accordingly, the Motion to Amend [Doc. No. 15] is GRANTED. Plaintiff's Amended Complaint shall be filed no later than 10 days from the date of this Order; Defendant's response shall be filed according to the deadlines in the Federal Rules of Civil Procedure and the Local Civil Rules of this Court.

IT IS SO ORDERED this   11th   day of June, 2008.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE